UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS JEFFERSON HANSARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-CV-439-HBG |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 14]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 18 & 19]. Thomas Jefferson Hansard ("Hansard") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner").

Hansard filed for Title II Disability Insurance Benefits and SSI, alleging a disability onset date of January 1, 2011 (Tr. 109-112). The application was denied on March 28, 2012 (Tr. 64) and again on reconsideration on April 24, 2012 (Tr. 69). Following a hearing, the Administrative Law Judge ("ALJ") entered an unfavorable Decision on August 13, 2014 (Tr. 11-22). The Decision became final when the Appeals Council denied review on July 31, 2015 (Tr. 1-4).

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

## I. BACKGROUND

Hansard was 58 years of age when the ALJ issued the Decision in this case. His past relevant work experience is as a carpenter, a vocation he pursued for at least twenty (20) years (Tr. 32). Although he alleges a disability onset date of January, 2011, Hansard continued to work "small jobs" on a self-employed basis throughout 2011-2013 (Tr. 13). For example, he testified that he unloaded and set up displays and tables for "time share shows" (Tr. 33-34). Another example is "hanging doors" and other carpentry work, as well as mowing grass and doing plumbing repairs (Tr. 16, 21, 256).

The Plaintiff alleges disability based on shoulder and knee pain and claims of fatigue, which he attributes to hepatitis (a condition for which he and his attorney conceded he has received no treatment and has no medical history) (Tr. 31).

The ALJ concluded that the Plaintiff was capable of doing his past work as a carpenter, and therefore, was not disabled.[2]

The Court has considered the medical evidence in the record, the testimony at the hearings, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109

---

[2] The claimant bears the burden of proof at this step of the disability analysis. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1979) (citing 20 C.F.R. § 404.1520).

2

Case 3:15-cv-00439-HBG   Document 23   Filed 03/30/17   Page 2 of 6   PageID #: 459

F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*,

3

441 F.2d 1230 (6th Cir. 1971)).

## III. ANALYSIS

Hansard's claim before this Court is that the ALJ erred in finding that Hansard could perform past relevant work as a carpenter, based on the RFC and the testimony of the vocational expert witness at the hearing. The Defendant argues that substantial evidence supports the ALJ's finding that Hansard could perform his past relevant work as a carpenter. The Court agrees with the Defendant, and finds that substantial evidence supports the ALJ's decision.

The ALJ presented the following hypothetical to the vocational expert:

> Q. And for the fifth hypothetical, if you assumed an individual with the Claimant's age, education, and work experience, who could perform heavy work and frequently perform all postural activities except only occasional climbing of ladders, ropes, and scaffolds, and crawling, which would be occasional, could such an individual perform the Claimant's past work?
>
> A. Yes.
>
> Q. All of it?
>
> A. Yes.
>
> Q. Thank you. I may have asked you this, but what - - has your testimony been consistent with the Dictionary of Occupational Titles?
>
> A. Yes.

(Tr. 53-54).

The dispositive issue is whether the ALJ formulated the proper RFC for Hansard. In support of the RFC, the ALJ noted throughout the Decision that Hansard "is currently performing heavy exertional work," pursuant to whatever schedule he chooses to work. Hansard's testimony at the hearing, and his medical examination records, certainly provide substantial evidence to support this conclusion. For Hansard, in short, "not working a full day is a choice, not a limitation

induced by or correlated to any impairments." Moreover, Hansard's "current earnings are consistent both before and after the alleged onset date of disability" (Tr. 21). In other words, the record establishes that Hansard has done basically the same amount of carpenter work post-disability as he did pre-disability, and it has been by choice, not necessity. This case, therefore, is distinguishable from other disability cases where the claimant may have had some gainful employment post-disability, but it was in marked decrease from pre-disability levels.

For further support, the state agency medical consultant opined that Hansard has no exertional limitations (Tr. 310-318). A second state agency medical consultant reached similar conclusions (Tr. 276). The undersigned finds that the ALJ properly relied on these opinions, as they are consistent with Hansard's post-disability date work activities, his social activities of deer hunting and fishing, and his numerous activities of daily living.

A vocational expert described Hansard's job as a carpenter, and then testified that the Dictionary of Occupational Title number for that positions is 860.381-022. The vocational expert then added: "It is medium in exertion, according to the Dictionary of Occupational Titles, but I don't believe that. The work that I've observed, of carpenters, is that it is at least heavy" (Tr. 49).

The ALJ found that Hansard was not disabled, because he could perform the past relevant work as a carpenter (Tr. 21). The ALJ noted that Hansard could perform this job as he performed it and as it was performed in the local, regional, and national economies (Tr. 21).

The applicable regulation specifically states that a vocational expert can testify to work "either as the claimant actually performed it or as generally performed in the national economy." *See* 20 C.F.R. § 404.1560(b)(2). If an individual can perform his past relevant work, either as he performed it, or as the work is performed in the national economy, the claimant is not disabled. *See* SSR 82-61: SSR 82-62. Therefore, a claimant will be "not disabled" at step four of the

5

sequential evaluation if he is able to perform his past relevant work as he performed it or as that job is performed in the national economy. *Garcia v. Sec. of HHS*, 46 F.3d 552, 556-57 (6th Cir. 1995) (citing SSR 82-61).

The Court finds, based upon the entire record in this case, that the claimant has not met his burden to show that he is incapable of performing his past relevant work. Substantial evidence supports the ALJ's Decision.

## IV. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment [**Doc. 16**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 18**] be **GRANTED.** The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

ENTER:

United States Magistrate Judge